969 So.2d 153 (2007)
Larry M. MOORE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-02159-COA.
Court of Appeals of Mississippi.
November 20, 2007.
*154 Glenn S. Swartzfager, Jackson, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
IRVING, J., for the Court.
¶ 1. Following a jury trial, Larry Moore was found guilty of the sale of cocaine, a controlled substance, and was sentenced by the Winston County Circuit Court to a term of twelve years in the custody of the Mississippi Department of Corrections, with four years suspended and five years of post-release supervision, for a total of eight years to serve. Aggrieved, Moore appeals and alleges that the court erred in refusing one of his instructions and in denying his motion for a new trial.
*155 ¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. On March 10, 2005, David Wiley was working as an undercover drug purchaser for the Mississippi Bureau of Narcotics when he purchased forty dollars worth of cocaine on Winston Street in Louisville, Mississippi. A videotape with audio was made of the buy, and Moore was eventually identified by a Louisville police officer as the individual on the tape. At trial, the footage was played for the jury, and Wiley testified that Moore was the individual from whom he had purchased the cocaine. Moore and his mother testified on his behalf, essentially stating that Moore was not the individual in the video footage. Thereafter, the jury found Moore guilty.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Denial of Jury Instruction
¶ 5. Moore claims that the court erred in denying his proposed jury instruction D-1, which would have informed the jury that it could not consider Moore's indictment as evidence of his guilt. The court denied the instruction, reasoning that it was covered by one of the court's instructions. A review of the court's instructions, however, reveals that the court's instructions never told the jury that it could not consider the indictment as evidence. "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Chandler v. State, 946 So.2d 355, 360(¶ 21) (Miss.2006) (quoting Ladnier v. State, 878 So.2d 926, 931(¶ 20) (Miss. 2004)).
¶ 6. There is no doubt that the court should have granted an instruction that informed the jury that it could not consider the indictment as evidence of Moore's guilt. However, we find that this error was harmless in light of the court's instructions to the jury during voir dire:
Okay. The grand jury determines whether they think a crime has been committed and if so, is there enough evidence for there to be a trial against some individual. But the indictment is absolutely no evidence of guilt whatsoever. You must not consider it as evidence of guilt. Everybody understand that?
Okay. Is there anybody here that feels just because Mr. Moore has been indicted that he must be guilty of something? Will you all tell me then that you will presume that he is innocent until such time as the State proves his guilt beyond a reasonable doubt?
Okay. In this case the indictment is alleged  the indictment alleges that. . . .
(emphasis added). The jury was clearly told during voir dire that it could not consider the indictment as evidence of Moore's guilt. Therefore, the court's failure to grant Moore's proposed instruction is harmless error.
¶ 7. As support, Moore cites Rainer v. State, 438 So.2d 290 (Miss.1983). In Rainer, the Mississippi Supreme Court reversed and remanded a defendant's conviction after it determined that the court had erred in not allowing an instruction that would have informed the jury that an indictment is not evidence. However, there is no indication in Rainer that the court informed the jury of that fact during voir *156 dire. This clearly distinguishes the present case from Rainer. The court here informed the jury, albeit during voir dire, that it could not consider the indictment as evidence of Moore's guilt. Rainer is of no help to Moore.
¶ 8. The court's failure to grant Moore's proposed instruction was merely harmless error, which does not necessitate a reversal of Moore's conviction.
2. Weight of the Evidence
¶ 9. Moore contends that his conviction is against the overwhelming weight of the evidence presented at trial. His contention has been preserved by his motion for a new trial, which the court denied. Moore is entitled to relief only if the court abused its discretion in denying him a new trial. We will reverse and remand for a new trial only if allowing his conviction to stand would "sanction an unconscionable injustice." Taggart v. State, 957 So.2d 981, 987(¶ 11) (Miss.2007) (quoting Ginn v. State, 860 So.2d 675, 685(¶ 31) (Miss.2003)).
¶ 10. Moore first attacks Wiley's credibility, arguing that Wiley's identification of Moore was questionable. Wiley testified that he did not recognize Moore when he bought the drugs from Moore, and that he knew him only as "Little Moore." Wiley went on to testify, however, that about two weeks after the transaction, he recalled that he had gone to school with Moore. For whatever reason, Wiley did not contact the police with this information. Instead, a Louisville police officer identified Moore after being shown the video footage several months after the buy.
¶ 11. Wiley provided no explanation as to why he chose not to go to the police after he recalled Moore's identity. Regardless, this oddity was probed by Moore's attorney during cross-examination. Issues regarding the credibility of a witness's testimony are properly resolved by the jury:
Jurors are permitted, and indeed have the duty to resolve the conflicts in the testimony they hear. Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). Any conflicts in the testimony of witnesses is the province of the jury. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Who the jury believes and what conclusions it reaches are solely for its determination. As the reviewing court, we cannot and need not determine with exactitude which witness(es) or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution. Id. at 300.
Stephens v. State, 911 So.2d 424, 436(¶ 38) (Miss.2005). The jury was entitled to believe or disbelieve Wiley as it saw fit.
¶ 12. Moore also points to the quality of the video footage and his assertion that he does not wear "doo rags" and does not own any jewelry like the jewelry shown in the video. Moore further points to the testimony of his mother, who testified that it was not her son that was shown in the video. Moore questions: "Who would know better to recognize an individual than one's own mother?"
¶ 13. Both Moore and Moore's mother had a significant motivation to claim that it was not Moore in the video footage. The jury heard the testimony of Moore and his mother, as well as the testimony of law enforcement and Wiley, who actually bought the drugs from Moore. During the trial, Moore was asked to stand next to a still frame of the seller in the videotape so that the jury could compare his appearance to the appearance of the seller in the footage.
*157 ¶ 14. At some point, the seller in the video makes a reference to himself as being someone's "uncle." Evidence was introduced that Moore was the uncle of another individual who frequented the same location and who also was involved with drugs.[1] All of this evidence was presented to the jury, who resolved any conflicts and determined that Moore was in fact the person shown in the video footage of the buy. Allowing Moore's conviction to stand does not sanction an unconscionable injustice, and the court did not err in refusing to grant Moore a new trial.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWELVE YEARS, WITH FOUR YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, FOR A TOTAL OF EIGHT YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] During direct examination, Wiley testified:

Q. But you have seen Mr. Moore on Winston Street before.
A. Yes, sir.
Q. And, and you had been introduced to him at that time.
A. As Little Moore.
Q. Little Moore.
A. The guy before that I was over there for was his uncle, introduced him as his uncle.
Q. Who was that?
A. Reggie. Reggie Moore.
Q. Reggie Moore introduced Larry Moore to you as Little Moore, that that was his uncle.
A. Yes.