ISHEE, J.,
for the Court:
¶ 1. Jermaine Brownlee was convicted on two counts of selling a controlled substance-cocaine and hydrocodone. Brown-lee was sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). On count one, Brownlee was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC). On count two, Brownlee was sentenced to twenty years in the custody of the MDOC. Both sentences were ordered to run concurrently without eligibility for probation or parole. Aggrieved, Brownlee has timely filed this appeal.
STATEMENT OF FACTS
¶ 2. On the evening of December 29, 2006, Officers Ben Moore and Danny Vas-ser, both with the Olive Branch Police Department Narcotics Division, conducted a controlled drug buy using a female confidential informant (Cl). Prior to the operation, the Cl was searched to ensure that she had no controlled substances on her person. However, the police did not conduct a full “shakedown” search because there were no female officers around at the time of the meeting. Officer Moore drove the Cl to the parking lot where the purchase was to occur, while Officer Vas-ser operated a video surveillance across the street from the parking lot. Shortly thereafter, a gold car pulled into the parking spot next to Officer Moore’s truck. The Cl identified Brownlee as the driver of the gold car. The Cl then exited Officer Moore’s truck and got into the back passenger seat of the gold car. Once in the gold car, the Cl handed Brownlee $200 in exchange for eight grams of cocaine and *876 nine tablets of hydrocodone. The entire transaction was videotaped by Officer Vas-ser.
¶ 8. Upon exiting the gold car, the Cl handed the substances to Officer Moore. Rather than arresting Brownlee on the scene, the officers allowed him to leave to avoid blowing their cover. After the substances tested positive for cocaine' and Lortab, Brownlee was arrested. He was ultimately tried and convicted of two counts of sale of a controlled substance.
STANDARD OF REVIEW
¶ 4. When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). Any conflicts in the testimony of witnesses are the province of the jury. Moore v. State, 969 So.2d 153, 156 (¶ 11) (Miss.Ct.App.2007). Whom the jury believes and what conclusions it reaches are solely for its determination. As the reviewing court, “we cannot and need not determine with exactitude which witness(es) or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.” Id. Further, the Mississippi Supreme Court has stated that: “The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Bush, 895 So.2d at 844 (¶ 18) (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
DISCUSSION
¶ 5. On appeal, Brownlee argues that the trial court erred in failing to grant his motion for a new trial because the verdicts were against the overwhelming weight of the evidence. He argues that the jury’s verdicts were based on weak and tenuous evidence. We disagree. Officer Moore, who was parked directly next to Brownlee’s gold car, testified that he saw the hand-to-hand transaction between Brownlee and the Cl. Further, the Cl herself testified to the exchange. In addition, the entire transaction was videotaped and played before the jury.
¶ 6. Brownlee argues that the Cl was not thoroughly searched at the pre-buy meeting because she was never subjected to a full body search. This argument was already presented to the jury and rejected by the jury. Although Officer Moore admitted that he did not check the Cl’s “crotch area or private area,” he did testify that his eyes never left the Cl from the time she entered Brownlee’s car to the time she reentered his truck. Officer Moore testified that not once did he observe the Cl reach into her undergarments.
¶ 7. Brownlee also argues that the surveillance video is of such poor quality that he cannot be identified. Again, Brownlee presented this argument to the jury, who rejected it. Both Officers Moore and Yas-ser testified, in open court, that Brownlee was the person who had sold the substances to the Cl. It is within the sole province of the jury to determine witness credibility, and as evidenced by the verdicts, the jury found the State’s witnesses to be credible. Moore, 969 So.2d at 156 (¶11).
¶ 8. We find the verdicts in the case to be consistent with the evidence presented, and they do not constitute an unconsciona *877 ble injustice. For these reasons, we affirm.
¶ 9. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SELLING A CONTROLLED SUBSTANCE, AND SENTENCE OF THIRTY YEARS AND COUNT II, SELLING A CONTROLLED SUBSTANCE, AND SENTENCE OF TWENTY YEARS, ALL AS A HABITUAL OFFENDER, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.