ISHEE, J., for the Court:
 

 ¶ 1. In June 2010, Jermaine S. Mitchell was convicted in the Madison County Circuit Court of selling cocaine on or near church grounds. The circuit court determined that Mitchell was eligible for two sentence enhancements: the subsequent-drug-offender enhancement and the habitual-offender enhancement. The circuit court ultimately sentenced Mitchell to 120 years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Mitchell filed a motion for a judgment notwithstanding the verdict, which the circuit court denied. Aggrieved, Mitchell appeals, arguing the circuit court erred in allowing testimony from the State’s confidential informant who purchased the drugs in question from Mitchell but admits to having drug problems. Finding no error, we affirm.
 

 STATEMENT OF FACTS
 

 ¶ 2. On August 1, 2009, Ronnie Hewitt assisted the Madison County Sheriffs Department in an undercover operation to purchase crack cocaine from Mitchell in Canton, Mississippi. Madison County Sheriffs Department Deputies Trey Curtis and John Harris met Hewitt on the day in
 
 *176
 
 question at a predetermined location and searched his person and vehicle to ensure that he had no contraband prior to the undercover operation. Deputy Curtis wired Hewitt with an audiovisual recording device to record the transaction and gave him $40 to purchase the crack cocaine.
 

 ¶ 8. Thereafter, Hewitt called Mitchell on his cell phone and asked: “You got my 40?” Mitchell responded in the affirmative, and Hewitt drove to Mitchell’s house, which was located approximately 812 feet from Ark of Safety Ministry Church. Deputies Curtis and Harris followed Hewitt to Mitchell’s house, and they watched Hewitt enter the house. Hewitt stayed inside the house for several minutes, then returned to his car. Deputies Curtis and Harris then followed Hewitt back to the predetermined location where they removed the recording device and recovered the substance Hewitt had just purchased from Mitchell. They also searched Hewitt and his vehicle for illegal contraband but found none. The money given to Hewitt to purchase the crack cocaine was gone.
 

 ¶ 4. Because the incident took place on a weekend and not during business hours, Deputy Curtis took the substance recovered from Hewitt to an evidence vault. The following week, Deputy Curtis delivered the substance to the Mississippi State Crime Laboratory for further testing. Chancy Bass with the Mississippi State Crime Laboratory analyzed the substance; he identified it as approximately 0.2 gram of cocaine, a Schedule II drug.
 

 ¶ 5. After removing Hewitt’s recording device and placing the cocaine into the evidence vault, Deputy Curtis immediately downloaded the video from Hewitt’s wire to his office computer and copied the video onto a compact disc. While watching the video, Deputy Curtis saw Hewitt enter the house and speak to Mitchell. He then saw Hewitt exchange $40 for a small bag with a substance inside. Hewitt visited with Mitchell for a few more minutes then left the house. The recording was uninterrupted from the time the device was placed on Hewitt by Deputy Curtis until the device was removed by Deputies Curtis and Harris.
 

 ¶ 6. Mitchell was subsequently arrested and charged with sale of cocaine near church grounds. Since Mitchell had been convicted of felonies on two prior separate occasions, and both involved the sale of controlled substances, he was also charged as being a second or subsequent drug offender and a habitual offender. He pleaded not guilty, and a trial was set in the circuit court for June 20, 2010.
 

 ¶ 7. At trial, the jury heard testimony from Deputies Curtis and Harris, Hewitt, and Bass. The jury found Mitchell guilty, and the circuit court subsequently scheduled a sentencing hearing. On June 30, 2010, the circuit court sentenced Mitchell to 120 years in the custody of the MDOC, without eligibility for parole or probation. Mitchell filed a post-trial motion for a JNOV, which was denied by the circuit court. Mitchell now appeals and asserts the circuit court erred by permitting Hewitt to testify on the stand. Mitchell argues that because Hewitt admits to being a drug addict, his testimony was unreliable. Mitchell further notes that Hewitt’s testimony was, in part, the result of a deal Hewitt made with the State after being charged with illegal possession of a controlled substance. For these reasons, Mitchell states Hewitt’s testimony should have been excluded. Finding no error, we affirm the circuit court’s judgment.
 

 DISCUSSION
 

 ¶ 8. When analyzing a claim that a verdict is against the overwhelming weight of the evidence, an appellate court “will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would
 
 *177
 
 sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005) (citation omitted). Additionally, “the evidence should be weighed in the light most favorable to the verdict.”
 
 Id.
 
 (citation omitted).
 

 ¶ 9. Mitchell asserts that because Hewitt is a drug addict and participated in the instant drug purchase in exchange for a reduction in his own previously acquired drug charges, he is not credible and should not have been allowed to testify. However, the determination of witness credibility is within the province of the jury.
 
 Moore v. State,
 
 969 So.2d 153, 156 (¶ 11) (Miss.Ct.App.2007). “Who the jury believes and what conclusions it reaches are solely for its determination. As the reviewing court, we cannot and need not determine with exactitude which witness(es) or what testimony the jury believed or disbelieved in arriving at its verdict.”
 
 Id.
 

 ¶ 10. Here, Hewitt confessed to being a drug addict and to having received multiple drug charges. He was fully questioned on the stand about his cooperation with the authorities due to his personal addictions and drug charges. The jury was privy to Hewitt’s testimony and Deputy Curtis’s testimony regarding Hewitt’s drug problems. In addition to hearing Hewitt’s testimony about the events of the drug sale, the jury heard corroborating testimony from Deputies Curtis and Harris. The deputies confirmed that Hewitt went to Mitchell’s house, entered the house with $40, and exited the house without the $40 but with a small bag of cocaine. The deputies also testified that Hewitt was never out of their line of sight from the time they placed the recording device on him until the time they took the recording device off, except during the time Hewitt was inside Mitchell’s house. Finally, the jury was allowed to see the entirety of the recording showing Hewitt being fitted with the recording device by the deputies, driving to Mitchell’s house, entering the house, buying the drugs from Mitchell, leaving the house, meeting the deputies, and having the deputies remove the recording device.
 

 ¶ 11. The Mississippi Supreme Court has held: “Only in ‘exceptional cases in which the evidence preponderates heavily against the verdict’ should the trial court invade the province of the jury and grant a new trial.’ ”
 
 Dilworth v. State,
 
 909 So.2d 731, 737 (¶ 21) (Miss.2005) (quoting
 
 Amiker v. Drugs For Less, Inc.,
 
 796 So.2d 942, 947 (¶ 18) (Miss.2000)). Given the jury’s knowledge of Hewitt’s drug addiction and drug charges, the corroborating testimony of the deputies, and the recording of the drug transaction, we cannot conclude that the verdict is against the weight of the evidence. We affirm the circuit court’s judgment.
 

 ¶ 12. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, WITHIN 1,500 FEET OF A CHURCH, AS A SUBSEQUENT DRUG OFFENDER AND AS A HABITUAL OFFENDER, AND SENTENCE OF 120 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.